PENDLETON, President.
If we decide on the case agreed, William Lancaster and his will are out of question; since he is not stated to be seised, and we must en-quire who is the heir to Joseph the son, who was seised. The statement is imperfect, as to who was his heir; since the time of his death, whether before or since January, 1787, is not stated, so as to enable us to determine, whether the old or new law of descents is to govern. Nor, does it appear, whether all, or any of the four children of Opie, were bom before, or after Joseph’s death. But, it seems pretty evident, that the plaintiff Nancy, not stated to have any relation by blood to him, could not have any claim upon his inheritance. Supposing, however, what was probably the case, that the testator was seised, and 1hat the title depends upon his will, I have no difficulty at present in deciding: That Joseph the son, took a contingent fee, to become absolute upon either event’s happening; that is to say, his coming of age, or haying a child born, *186 or leaving one at his death; no matter which. That or ;n this will is to be takén copulatively, so as to require the happening of both contingencies to entitle those in remainder. * That, as the death of Joseph, must determine both events, the remainder was good as an executory devise. That, as those in remainder must take as persons described, it is confined to children of Blackwell and Opie, in esse at the testator’s death, so as to exclude after-born children.† And, that those in esse took per capita and not per stirpes, being all equally within the description, as both events happened. The consequence is, that three-fourths of the estate was devised, upon the contingencies happening, to Opie’s three children, and one-fourth to Blackwell’s son. But, how this one-fourth was to go upon his death, the facts stated do not enable the.Court to decide. Therefore, as the case agreed is too uncertain for a judgment to be given on it, the judgment of the District Court should be reversed, the case agreed set aside, and the cause remanded to the District Court, to be further proceeded in.
The judgment was as follows:
The Court is of opinion, that the case agreed in the record mentioned, is too uncertain for a judgment to be given thereon, and that the said judgment is erroneous. Therefore, it is considered, that the same be reversed, &c. that the case agreed be set aside, and that the cause be remanded to the said District Court to be further proceeded in.‡

[* See Price v. Hunt, Pollef. 645; Barker v. Sureties, 2 Stra. 1175; Frammingham v. Brand, 1 Wils. 140; Read v. Snell, 2 Atk. 645; Fairfield v. Morgan, Dom. Proc. 5 Bos. and Pul. 38; Jackson v. Blanshan, 6 Johns. 55; Holmes v. Lessee of Holmes, 5 Binney, 252.]

[† Ellison v. Airey, 1 Ves. sen. 111; ana see Crone v. Odell, 1 Ball and Beatty, 449, in which the doctrine of vesting is examined, and the cases remarked on by Lord Ch. Manners, assisted by Lord Ch. J. Dowsres.]

[‡ See Taliaferro v. Gatewood, 6 Munf. 320, 323.]