This was an appeal from a judgment of the District Court of Fredericksburg, affirming a judgment of the County Court of Caroline.
The case was this: Robert Gaines Beverly, husband of the appellee, being in his lifetime possessed of a large real estate, made a settlement on his wife of greater value than her dower in all his lands, and died leaving her his widow and several children, who were alive at the date of the case agreed in this cause. He also leased a tract of 700 acres of land, lying in the County oí Caroline, to the appellant, for a term of ten years, reserving rent, &c. which term was unexpired at the time of the trial of the cause in the County Court. His widow, the appellee, sued out her summons and filed her count, in dower unde nihil habet, against the appellant, for dower in tfie said 700 acres of land. A conditional judgment was confirmed against him, by default, and a Jury directed to be impanelled, at a subsequent term, to inquire whether he had more right to hold the said land than she had to demand dower in the same. Instead of a special verdict a case was agreed between the parties, to the following purport: —’“That Robert Beverly was seised and possessed of the land in the count mentioned while he was the husband of the demand-ant; that he leased the same to the defendant for the term of ten years then unexpired ; that since the decease of the said Robert Beverly, the demandant had received rent from the defendant for the said land; that no Court had appointed any guardian to the children of the lessor of the defendant, and that, by virtue of a settlement made by the said lessor, in his lifetime, on the demandant, she had received in lands, more than the value of her dower.” *The County Court gave judgment for the dower demanded; from which an appeal was taken to the District Court of Fredericksburg; and the judgment having been there affirmed, a.n appeal was prayed to this Court.
Warden, for the appellant, took several exceptions to the proceedings in the cause, as well as to the judgment of the Court.
1. That the District Court ought not to have affirmed the judgment of the County Court, on a transcript of its record, which did not exhibit the original summons, whereby the correspondence or variance between it and the Court might appear; the summons not' being described as a writ of dower unde nihil habet. If it had been described as a writ of dower unde nihil habet, he mignt not have made the objection ; since no oj’er of the summons was taken.
2. That the husband of the demandant ivas denominated by a different name in the count from that in the case agreed; in the first, he is called Robert Gaines Beverly, in the second, Robert Beverly.
3. That it no where appears in the record, that the husband, during the coverture, was seised of such an estate as would entitle the wife to dowei. Since our law of descents, a widow cannot demand dower unless the husband had been seised of a fee. A man may be seised of an estate for life. The Court ought to have seen what kind of estate it was, of which dower was demanded: *170 for, if the husband had not appeared to have been seised of an estate of inheritance, the wife was not dowable. This is a fatal error.
4. That there ought not to have been an award of habere facias seisinam of dower, on a case agreed, which stated, that the de-mandant had received, in other lands of her husband, more than the whole of her dower, by virtue of a settlement on her, made by him, in his life-time; without saying any thing whereby it appears whether the said settlement was made before, or after marriage, or whether it was in bar and lieu of dower, or not. It is a known principle of law, that when there is a jointure, before marriage, and in lieu of dower, the wife cannot demand the latter. But it does not appear from the record that the jointure was made at any time other than ‘ ‘in the life-time” of the husband. That is a very indefinite expression. His life-time existed both before and after marriage. finding was too vague for the Court to give any judgment upon.
5. That the writ of dower was brought against a man who had no seisin. It was brought against a tenant for years, when it could only lie against a tenant of the freehold or inheritance.(a) The tenant for years held the possession only, but the seisin was in the demandant’s children. The tenant could not give seisin because he had it not. The writ should consequently have been brought against the children, who, by their guardian, ought to have assigned dower. But it is expressly found that she received rent of the tenant. She could not have received it as executrix or administratrix of her husband, but only as the natural guardian of their children. The reception of rent was an estoppel to her to demand dower of the tenant, because such reception amounted to a confirmation of the lease; and because, by a recovery of one .third of the land, she would have taken a part of the subject out of which the rent issued.
6. The judgment was erroneous, in being absolute in the first instance. There ought to have been an inquest as to the mesne profits from the death of the husband. On the return of the inquest the judgment would have been complete, and not before. (b)
Randolph, for the appellee, said it was unnecessary to dwell on many of the points made by Mr. Warden. With respect to the summons, it was no part of the record, because oyer had not been taken of it. As to the second point, the record furnished a sufficient answer — the parties themselves, in the case agreed, had considered the seisin of Robert Gaines Beverly sufficient to entitle his widow to dower. They had taken other ground; and did not rely on any deficiency of estate in him. He is said to have been seised, which expression has often been considered as implying an absolute estate. Since our act of Assembly, a deed not mentioning heirs, carries a fee-simple. The word seisin may consequently imply an estate of inheritance.
As to the fourth and fifth points, he admitted, that if a settlement be made before marriage and in lieu of dower, it was a bar; but if it were merely a common settlement or.conveyance, it would be no bar. The exception that it does not appear at what time the settlement was made, or of what nature it was, ought not to come from the other side. Our right is complete: we shew an indisputable *legal title: —they only omitted to state a material objection. They rely on the settlement, and ought to shew on what it was founded. But, if the case agreed be imperfect, it may be set aside, and a venire facias de novo awarded, (c) The widow, in demanding her seisin, need not bring her action against a man seised of an estate of inheritance. She only claims her right; and the husband can do no act to deprive the wife of her dower in the specific land itself.
With respect to the inquest for the mesne profits, that was for her benefit; — She might, therefore, waive it, and take a writ of habere facias possessionem for her one third of the land. The children being no parties to the suit, no judgment against the tenant could affect their rights.
Warden, in reply. The first exception will be left to the Court without further observation. But, as to the second, it, being to a misnomer in the Christian name, was always held to be fatal. '
It is said by Mr. Randolph, that when a person is seised of an estate, it necessarily means an estate oi inheritance. There is no authority or dictum in the law to warrant the assertion. Suppose there had been a plea that the husband was not seised; what would have been the issue? — that the husband was or was not seised of an estate of inheritance? — The husband might 'have been seised of an estate for his own life, or for the life of another, and yet the widow not entitled to dower. The Court will not go further to intend an estate, than the parties have gone themselves.
But it is said not to be necessary for the tenant to be seised of an estate of inheritance. — Can the demandant recover of the tenant seisin, when the tenant has it not himself? The possession of Miller was not the seisin of Beverly: but his possession was the seisin of the heirs of Beverly, of whom alone it could be recovered.
As to the widow’s having received other lands. Is the finding, in this case, a complete bar? Such a settlement ought to have been found, as would defeat the claim of dower; for, if we are to presume anything, we must presume from the nature of the circumstances, that the settlement was before marriage, and a bar to dower. It is not probable that Robert Beverly, after he h^d married and had children, (as is found in the case agreed,) would have given to-his wife more than her just proportion of his estate, to the injury of nis children. The case of Axtel v. *Axtel, (d) *171 shews that at common law, a widow cannot claim both her jointure and dower. Without an inquest, the judgment was a mere nullity and never could be carried into effect. The sheriff could not execute it; and give dower by metes and bounds, as he ought. She ought to have moved the Court for a writ of habere facias seisinam, and at the same time for an inquest as to the profits.
Curia advisare vult.
Monday, June 29. The President delivered the opinion of the Court, (consisting of all the Judges,) that the judgment of the District Court was erroneous, in this, that a suit was brought against a tenant for years only, and not against a tenant of the freehold, having the inheritance, or an estate equal in duration to the life of the de-mandant.” Judgment of the District and Count}' Court reversed.

 P. N. B. 148, a. 5, Corayn’s Dig. 240, Harg. Co. Lit. 32 a.

Cb) 1 Morgon’s Att. Vade Mecum, 434, P. N. B. 346, 347.

 1 Call, 212, Brewer v. Opie. See also, Bacon’s Abr. title “Verdict,” as to awarding a venire de novo.

 2 Chan. Cases, 24.