Overton, J.
 

 delivered the following opinion of the Court: —
 

 On the part of the appellant it has been insisted,
 

 1. That the expressions
 
 “
 
 hemp and tobacco ” should be construed as “ hemp or tobacco,” and then a tender in tobacco would be good.
 

 2dly. As the quantity of each was not determined by the contract,'it was competent for the parties to fix the quantity of each kind before the day of payment. If they were competent to designate the proportion of each article to be paid, they were equally able to determine by agreement, that the whole should be paid in tobacco; and for the support of these propositions 3 Johns. 5; 1 Johns. 22, were relied on.
 

 
 *381
 
 It was contended that if such a contract was good after being executed, it would be equally so where a party had done all he could to carry it into execution.
 

 The Court cannot change the expression of contracts. A contract must he taken altogether, and as in any other case, it must discover the meaning of the parties. It is true the word and has sometimes been construed as or, so as to effectuate the intention as clearly ascertained from the whole instrument. 1 Call, 212; Maryl. Rep. 202; 6 Johns. 54. In this case, however, there is no possible ground on which to ¿erect a supposition leading to such a construction. The contract might materially be affected by it. It is agreed that the tobacco shall be at three dollars and fifty cents per hundred. Suppose hemp has risen in value, and tobacco fallen to little or nothing ? Tobacco would of course be paid according to the construction contended for. One of three principles must be adopted: an election with the obligor, — with the obligee; or neither, and that an equal quantity of each was intended. The Court thinks the last most reasonable.
 

 The fourth plea seeks to change the terms of a written contract by parol testimony. This cannot be done; it would materially derange the order of society if it were the case. The rights of men would be placed on too slippery a foundation; a contract for land or negroes might, upon seeking to enforce it, turn out in proof to be one for cattle. But when a contract has been actually satisfied in a different manner from that originally contemplated, an entirely different view presents itself. The danger of perjury if not removed, is so diminished as scarcely to furnish a ground of apprehension. The law has, with justice and wisdom, permitted this satisfaction to be pleaded and shown in proof, whereby the obligation of such a contract ceases. . There is, however, no such plea in this case as accord and satisfaction, nor any ground or reason to support such a one.
 

 Let the judgment be affirmed.