February 19, 1816,
Judge Roane
pronounced the court’s opinion, as follows :—
This is a bill by the appellants administrators of J. E. Royall against the appellee as administrator of Lucy Royall, praying to injoin a judgment, whereby the latter recovered against John Royall, one of the appellants, four negroes, formerly the property of her husband Joseph Royall, deceased. — The ground the bill takes is that, admitting that judgment rightly decided the negroes to have been the property of Lucy Royatt, and as such recoverable by her administrator to pay her debts, and for distribution, yet that the judgment should be enjoined ; — - for that it yvas agreed in that cause, and is now agreed in this, that all the debts of Lucy Royall were paid; — and on the further ground that the property in the said slaves, subject to her administrator’s claim as aforesaid, was in John E. Royall as distributee to his mother, and is now in the appellants as his ad *85 ministrators, is necessary to pay his debts, and that the surplus belongs to them as his legal representatives. — The appellants have not shewn in this suit, that they only are his Segal represeniatives, even on the paternal side, and under a supposition that his estate is not to he divided into moieties under the act, of descents ; hut. nevertheless, in their character of administrators, they may be entitled to recover. — If the debts of his mother are all paid, and the son, the intestate of the appellants, was her distributee, the appellants should recover as representing him ; and being in possesion of the property, should not be put to the circuity of another action to recover back property taken from them under the judgment. — On inspecting the record referred to in this case, it appears that the judgment was rendered upon certain points submitted to the court, which do not go to abandon or relinquish the title of the son to the negroes in question; but the recovery was had in subordination to the ulterior right now asserted : nor are the appellants estopped, (as was argued,) by the agreement, in the case, that John Royal], one of the appellants, “ was not the legal representative “ or distributee of Lucy Royallfor if, as the fact is, John E. Royall was such distributee, and the appellants his distributees and administrators, that is sufficient to entitle them to recover. — It is also to be remarked, that, in that action, the appellants were not sued as administrators of J. E. Royall, and therefore, as against them, the appellee was clearly entitled to recover.-The judgment in that action declared the property to be that of Lucy Royall; subject, however, as is aforesaid, to this claim; the said J. E. Royall succeeded, as sole distributee to his mother, and having died without mother, brothers or sisters, or their descendants, the whole personal estate of the said John E. Royall is divisible into moieties, to go to the paternal and maternal kindred, according to the provisions of the act of descents.
The court is therefore of opinion, that the decree should be reversed, and the judgment enjoined ; that the cause should be retained, and the appellants decreed to make up an account of their administration; and that the surplus, after the dehis of the intestate John E. Royall shall have been paid, shall be decreed to be distributed according to the principles now declared ; with liberty to the parties to this suit, and others supposing *86 themselves entitled, to shew themselves to be so entitled, by being made parties or otherwise. And the cause is remanded, to be proceeded in pursuant to the principles of this decree.