The cause being submitted without argu-meat,
JUDGE ROANE
pronounced the opinion of this Court, as follows:
On the merits, as they now appear, the Court has no doubt but that the limitation over to the female appellee is good, in the event of Mary Dyell dying without lawful issue, according to several decisions in this Court: — but this fact is not agreed in the case. It is only agreed that she died “without leaving any children living at the time of her death,’’ which admits the possible existence of issue of the said Mary Dyell. For this defect in the case, and also because the whole Will of old Dyell is not stated, but only one clause thereof, the judgment must be reversed, and a new trial awarded.
AGREED CASE.
I.In General.
II.Requisites.
III. Like a Special Verdict.
IV. what Is Not an Agreed Case.
V.Effect of the Agreement.
Vi. Powers of Court.
VII. Pleading and Practice.
VIII. Writ of Error.
I. IN GENERAL.
A case agreed is a substitute for a special verdict, and is subject to like rules. It must state facts and not merely the evidence of facts; and the court cannot infer other facts from those stated, unless they result as a legal conclusion, or unless the parties agree that it may be done. Sawyer v. Corse, 17 Gratt. 230.
Coart Proceeds without a Jury. — The parties may agree to all the facts belonging to the case and refer the law arising thereupon to the court, who in such case pronounces the j udgment without the intervention of a jury. State v. Brookover, 22 W. Va. 219.
ii. requisites.
Must State Facts, Not Evidence. — A case agreed, called in the English practice a “special case,” is a substitute for a special verdict, and is subject to like rules.' It must state facts and not merely the evidence of facts, and it is not competent for the court to infer other facts from those stated, unless they result as a legal conclusion. Sawyer v. Corse, 17 Gratt. 230; James v. McWilliams, 6 Munf. 301; Stockton v. Copeland, 23 W. Va. 696; Jackson v. Henderson, 3 Leigh 196.
And all facts not found in the special case are excluded from the consideration of the court, or are negatived by the general finding In his favor. The special case would be nugatory If the court were to go out of it. M’Michen v. Amos, 4 Rand. 138.
Pacts Must Be Stated with Certainty. — The rules which govern in an agreed case are similar to those which govern on a special verdict; and if it be too uncertain for the court to determine in whose favor the judgment should be rendered it should be set aside and further proceedings be directed. Brewer v. Opie, 1 Call 212; Stockton v. Copeland, 23 W. Va. 696; Sawyer v. Corse, 17 Gratt. 230.
Entry of Record. — Where the facts are agreed t& by the parties, there must be an entry of record, “waiving the issue to be tried by the jury,” and that the agreed case is to be in lieu of a special verdict. State v. Brookover, 22 W. Va. 214.
And a court has no authority to decide a case upon the facts agreed before the commissioner, there having been no entry made or record submitting the same to the decision of the court on the agreed facts. State v. Brookover, 22 W. Va. 215.
*741 III. LIKE A SPECIAL VERDICT.
An agreed, case, like a special verdict, must contain every fact necessary for a complete adjudication of the cause. James v. McWilliams, 6 Munf. 301.
And if there is any omission or ambiguity, the court will set the judgment aside and award a trial de novo. Brewer v. Opie, 1 Call 212; Sawyer v. Corse, 17 Gratt. 230.
IV. WHAT IS NOT AN AGREED CASE.
in a case where the facts, if found for the defendant. are to he taken as true, hut if for the plaintiff the cause is to he sent to the jury, is no agreed case. Stockton v. Copeland, 23 W. Va. 696.
Where Jury Is Waived and Evidence Submitted.— Where the jury is waived and the evidence is submitted to the court hy agreement, it is often called a case agreed, hut is not such in lieu of a special verdict, and is merely a statement of evidence agreed hy the parties to he read hy the court on the trial of the issue between the litigants. Mitchell v. Baratta, 17 Gratt. 445; Hodge v. First Nat. Bank, Richmond, 22 Gratt. 51.
And if the intervention of a jury is waived and the evidence is heard hy the court and judgment rendered, without issue having been joined, it is equally as erroneous as though the case had been tried hy a jury. Baltimore & O. R. Co. v. Faulkner 4 W. Va. 180.
In a case agreed, the parties, after setting forth a clause in a will, hy which a limitation over, in favor of the plaintiff, was to take effect upon the the death, without lawful issue, of a legatee of a particular estate, proceeded to state that the said legatee, being more than twenty-one years old, died without leaving any children living at the time of her death, having had only one, who was dead at that time. This was adjudged a defective case, and a venire de novo was awarded, James v. McWilliams, 6 Munf. 301.
Court flay Draw Inferences from Facts.' — Where the parties to a case waive a jury and submit the whole case to the decision of the court upon a statement of facts agreed, this statement is not to he treated as a special verdict or a case agreed in lieu of a special verdict; hut the court may make any in ferences from the facts stated that a jury might have made. Dearing v. Rucker, 18 Gratt. 426; Wickham v. Martin, 13 Gratt. 427.
Evidence Considered on Bill of Exceptions. — In a case in which a jury is dispensed with, and the case is submitted for trial to the court upon a bill of exceptions to the judgment, all the evidence is to be inserted in the hill, and in the appellate court it will he considered as on a demurrer to the evidence; and when there is a conflict of evidence, the conflicting evidence in favor of the exceptant is disregarded hy the court. Hodge v. First Nat. Bank, Richmond, 22 Gratt. 51.
Rules as to Considering Evidence, — Where the parties agree to dispense with a trial hy jury and refer the whole matter of law and fact to the judgment of the court, under the act (Code, ch. 162, § 9, p. 629), and all the evidence is stated on the record, though no exception is taken to the judgment of the court: 1) It sufficiently appearing that the evidence was intended to he a part of the record, it will he so considered, though there was no exception. (2) In such a case, the evidence, and not the facts proved, should he stated. (3) The opinion of the judge who decided the case should not he reserved, unless it is plainly erroneous, especially if the evidence, or a part of it, he oral; and more especially if it he conflicting. Mitchell v. Baratta, 17 Gratt. 445.
Conflicting Evidence. — Where the parties agree the case hy detailing evidence and admitting the facts, and the evidence is conflicting, the court will not give judgment on such a case agreed. Jackson v. Henderson, 3 Leigh 196.
V. EFFECT OF THE AGREEMENT.
Only Facts Agreed Considered. — In a case agreed, the parties need not agree upon all the facts in the case, but may state such facts as are pertinent to a particular question of law, and agree that the judgment he entered for the plaintiff or for the defendant according as the opinion may he in favor of the one or the other party upon the facts stated. When the parties thus rest their case upon a particular point of law, the inquiry of the court will he narrowed accordingly so as to exclude all other matters, and the court in such case will enter up its judgment in favor of the plaintiff or of the defendant according to his opinion on this point of law submitted. Royall v. Eppes, 2 Munf. 479; Stockton v. Copeland, 23 W. Va. 701.
Extraneous Pacts Excluded. — By a case agreed, the parties may rest the decision of the cause upon certain specified points of the law, to the exclusion of all extraneous facts or circumstances. Royall v. Eppes, 2 Munf. 479.
Special Verdict — Subsequent Case Agreed. — In deti-nue, the jury found a verdict for the plaintiff, if the law upon the facts agreed to he stated he for him; otherwise, he for the defendant. Before they were agreed, the defendant died, and a scire faeiae issued to his executors to show cause why the facts should not he agreed. The executors appeared and agreed acase. This will hind them, though they might have refused to agree a case and have insisted upon abating the suit. Hooe v. Pierce, 1 Wash. 212.
Agreed Case Does Not Effect Right to Slaves. — A son being possessed of a life estate in certain slaves» and a contingent limitation to his mother and her heirs, upon his dying without issue living at the time of his death (the mother died in his lifetime, leaving him her only heir; and he afterwards died, without such issue), the administrator of the mother brought an action of detinue for the slaves» against a person who was one of the coheirs and distributees, and also one of the administrators, of the son (but not charged as such in the declaration), and obtained a judgment upon a case agreed, hy which the parties rested the decision of the cause upon certain specified points of law, viz, whether the limitation to the mother was legal and valid, and whether (notwithstanding her death in the lifetime of the son, who was her only heir) the slaves, so limited to her on his death, became vested in her administrator; — it was decided that such case agreed did not abandon or relinquish the title of the administrators ox the son to the slaves in question. Royall v. Royall, 5 Munf. 82.
As Estoppel. — A case agreed ejectiment, finding the lease, entry and ouster in the declaration mentioned, sufficiently admits that all the defendants, who agreed the case, are in possession of the land in controversy, unless there be_ an express finding to the contrary. Mooberry v. Marye, 2 Munf. 453.
VI. POWERS OF COURT.
Can Draw Only Conclusions of Law. — If a conclusion he fairly deducible from the facts stated, it is not a conclusion of law, hut of fact, and cannot he drawn hy a court in a case agreed; only necessary-inferences of law are permissible. Ramsey v. McCue, 21 Gratt. 349; Sawyer v. Corse, 17 Gratt. 230.
And if the parties intend that the court shall have authority upon a case agreed to make such infer *742 •ence, they must make an agreement to that efiect as is frequently, if not usually, done in England in making up a special case. Sawyer v. Corse, 17 Gratt. 230.
Court Not to Assume Alteration after Execution.— Upon a question of an alteration in the hond, if the case agreed does not state that the alteration was made after the execution of the bond, the court, in pronouncing the conclusion of the law upon the facts, cannot assume that such was the fact. Ramsey v. McCue, 21 Gratt. 349.
Assent of Executor Assumed. — If the plaintiff and defendant claim under the same executory bequest, and a case be agreed, submitting the right, to be adjudged, according to the legal construction of the will, without saying anything about the executor’s assent to the legacy, the court will assume that as a fact between the present parties. Royall v. Eppes, 2 Munf. 479.
May Insert Omitted Names in Judgment. — It seems that, if a declaration in detinue demand a negro woman, by name, and her three children, without mentioning their names, and a case be agreed, submitting that, if the law be for the plaintiff upon certain other points, judgment may be entered in his fayor for the slaves in the declaration mentioned, the court may insert the names of the negro children in the judgment. Royall v. Eppes, 2 Munf. 479.
Power to Dismiss. — if a case agreed to be too imperfectly stated for the court to proceed to j udgment. it will be set aside and new proceedings ordered. Brewer v. Opie, 1 Call 212; James v. McWilliams, 6 Munf. 301; Ramsey v. McCue, 21 Gratt. 349; Stockton v. Copeland, 23 W. Va. 697.
No Restrictions to Be Fixed by Parties. — No case can properly be submitted to any court for its decision under a restriction, fixed by parties to the case, that it may decide the case in favor only of one side, and if it cannot do this, then the case is to be withdrawn from its consideration and submitted to another tribunal. Stockton v. Copeland, 23 W. Va. 696.
Vil. PLEADING AND PRACTICE.
Agreed Case May Be Tried with or without Pleading. —A case may be submitted to the court on a case agreed without a plea as well as with one, and it is sometimes done without either declaration or plea. The defect of pleadings is cured by the agreement.
And when there is a declaration and no plea, as in the present case, the plaintiff’s cause of action, as set forth in the declaration, is submitted to the court without reference to any particular form of defense, and the defendant is entitled to judgment, if the facts stated afford him a defense of which he might have availed himself under any form of pleading. Sawyer v. Corse, 17 Gratt. 230.
Issue Made Up. — When the case is submitted after an issue is made up, the decision of the court is restricted to that issue. Sawyer v. Corse, 17 Gratt. 230.
VIII. WRIT OF ERROR.
Does Not Lie In an Agreed Case. — No writ of error lies on a judgment rendered on a case stated, and it is usual in the agreement to insert a clause that the case stated shall be considered in the nature of a special verdict. State v. Brookover, 22 W. Va. 220.