23   696
36   810

# WHEELING.

STOCKTON *et als. v.* COPELAND *et als.*

Submitted January 25, 1884—Decided March 29, 1884.

(*SNYDER, JUDGE, Absent.)

An agreed case is made up and submitted to the court for its decision,
     but it is stated on the face of the agreed case, that, if on the
     facts agreed the court finds for the defendants, judgment shall
     be entered for the defendants subject to any writ of error, to
     which the plaintiffs may be entitled ; but if upon the facts agreed

*Counsel below,

the court finds the law for the plaintiffs, it will enter up no judgment for them, but the case shall then be tried by the jury, and the defendants may rely on any defences they may legally set up or prove, and the agreed facts shall be used by neither party against the other. The court ought to set aside such agreed case and treat it as a nullity ; and if on such agreed case the court renders a judgment for the defendants, it will be reversed by the Appellate Court, and the agreed case will be set aside, and the case will be remanded to the circuit court to be regularly and properly proceeded with, as though such agreed case had never been made.  (p. 700 )

GREEN, JUDGE, furnishes the following statement of the case:

On September 1, 1879, Charles F. Stockton and others filed in the circuit court of Fayette county their declaration in ejectment, claiming a tract of land in said county of two thousand three hundred acres unlawfully withheld from them by the defendants, Evermont W. Copeland, Malloy M. Copeland and Octavia Copeland. On September 3, 1879, the defendants pleaded " not guilty " and issue was joined, and an order of survey was made. But with a view of avoiding a long and tedious trial it was determined by the parties to make up an agreed case in such a manner, that the judgment of the circuit court might be had on one of several defences of the defendants. They claimed that by the record of a former action of ejectment for the same tract of land the plaintiffs were forever barred from setting up against them any claim to this tract of land. If this should be the judgment of the circuit court, there was an understanding, that it should render a judgment for the defendants, which might be brought before this Court on a writ of error, and if it was affirmed, that should terminate the controversy; but if the circuit court should be of opinion, that the plaintiffs were not barred from setting up claim to this tract by the record of the former action of ejectment, then on the circuit court expressing such opinion, it should not render a judgment for the plaintiffs for this tract of land, though on the facts but for this agreement set out therein it would be bound to do so; but that a jury should then be empaneled to try the case on the facts that might be proven before the jury, and that in such event the facts agreed were not to be used by either

88

party against the other.  This understanding was carried out; and the court being of opinion, that the record of the former action of ejectment barred the plaintiffs from setting up against the defendant any claim to this tract of land therefore found for the defendants.

The entry in this case of this finding was made September 19, 1881, and it is as follows:

"This day came the parties, by their counsel, and by consent of parties the matter of law arising upon the facts agreed in this action were submitted to the court in lieu of a jury; and the court, upon consideration thereof and the argument of counsel, doth find for the defendants.  It is therefore considered by the court that the plaintiffs take nothing by their action, and that the defendants recover their costs against the plaintiffs here expended."

The following bill of exceptions was taken by the plaintiffs to this judgment of the court, in which these facts agreed as well as the further agreement that they were not to be acted upon as agreed facts, unless the judgment of the court should be for the defendants, are set out at length:

"Be it remembered that the plaintiffs and defendants agree the following facts in this action:

"*First*—That on the — day of ——, 1848, an action of ejectment was brought in the circuit superior court of law and chancery for Fayette county."

(Here is inserted a full copy of the record of said suit).

"*Second*—That the parties in said action were plaintiffs and defendants, and the same as those in the action now on trial except the said Aaron Stockton and H. B. Copeland, who are now dead, and the plaintiffs and defendants, respectively, are the heirs-at-law of said Stockton and of said Copeland, both of whom died intestate.

"*Third*—That the land in controversy in this action is the same that was in controversy in the said suit of *John Doe &c.* v. *Richard Roe &c.*; and that the plaintiffs claim title to said land under the same title that they and their ancestors claimed under in the said first mentioned action and none other.

"*Fourth*—That the plaintiffs have title to the land in controversy, and the right to recover unless the matters stated

in these facts agreed bar such right to recover; and that the defendants were in possession of said land at the time this action was brought, and are still in possession; and the land is the same that is mentioned and described in the plaintiffs' declaration; and that the defendants were in possession both at the time the said action of *John Doe &c.* v. *Richard Roe &c.*, was instituted and at the time this action was instituted, claiming the land adversely to the plaintiffs; but it is also agreed that the defendants were not in possession during the whole intervening time, or long enough to bar the plaintiffs' action in either case.

" *Fifth*—That the foregoing are all the facts in the case.

"It is further agreed that this action 'be submitted to the court, and if upon the facts aforesaid the court finds the law for the plaintiffs, then jury shall be empaneled for the trial of the action on any other defences the defendants may legally set up or prove under the issues in the case; but if the court finds for the defendants on said facts, then judgment shall be entered in this action for the defendants, subject to any writ of error or appeal to which plaintiffs may by law be entitled.

"But this agreement of facts shall in no manner preclude any objection or exception the plaintiffs may make or take to the admissibility or effect of the record in the said action of *John Doe ex dem.* v. *Richard Roe, &c.*, either in this court or in the Supreme Court of Appeals. No facts herein agreed is to be used by either party against the other in any future trial of this action in the event of a judgment on the facts aforesaid in favor of the plaintiffs by either the circuit court or the Supreme Court of Appeals.

"And the law arising upon the facts agreed as aforesaid having been argued, the court on consideration thereof doth find for the defendants, and thereupon ·the court gave judgment for the defendants; to which finding and judgment of the court the plaintiffs, by their counsel, except and pray that this their bill of exceptions be signed, sealed and saved and made part of the record, which is done.

"H. A. HOLT. [SEAL.]"

I do not deem it necessary to copy the record in the former action of ejectment, which the court below held debarred the

plaintiffs from claiming this land of the defendants, as according to the views I entertain the circuit court ought to have refused to render any judgment on this agreement of facts, it appearing on the face of the agreement in effect that it was not to be regarded as all the facts in the case, unless the court should conclude that these facts barred the plaintiffs from recovering this tract of land in this suit, and if the court was of a different opinion, this agreement of facts was to be regarded as no agreement of facts, and the case was to be tried, as if no facts had been agreed.

*W. H. Hogeman* and *S. A. Miller* for plaintiffs in error.

*J. W. Davis* and *Knight & Couch* for defendants in error.

GREEN, JUDGE:

The judgment of the court below to be reviewed by us was rendered on a case agreed. The rules, which govern in such cases, are similar to those, which govern on a special verdict; and if it be too uncertain for the court to determine in whose favor the judgment should be rendered, it should be set aside and further proceedings should be directed. (*Brewer et ux.* v. *Ohio*, 1 Call 212). And if in the case agreed an important fact be omitted, it must be set aside and further proceedings directed. (*James* v. *McWilliams et ux.*, 6 Munf. 301). So in *Sawyer* v. *Corse*, 17 Gratt. 248, 249, whether the judgment should be for the plaintiff or for the defendant depended upon whether Fleming in the carriage of the mail had used ordinary care. This fact was not agreed, though facts were stated, from which it was supposed the court would draw the inference, whether he had or had not used such care. But unless expressly authorized to draw such inference, by the agreement, it could draw none, unless they resulted as a legal conclusion. This important fact not being agreed, the court reversed the judgment of the court below but rendered no judgment on the merits of the case but set aside the case agreed and ordered a *venire facias de novo.*

It would seem therefore, that a case agreed should be such as that on the facts stated the court should be able to determine, whether there should be a judgment for the plaintiff or

for the defendant; and if the case agreed is such that the court cannot render a judgment either for the plaintiff or for the defendant, as the court might conclude the law to be for the one or for the other, the court ought to refuse to render any decision on such defective case agreed, but should set aside the case agreed and proceed with the case as if no such agreement had been entered into. It is true that in a case agreed the parties need not agree upon all the facts in the in the case, but may state such facts as are pertinent to a particular question of law, and agree that the judgment be entered for the plaintiff or for the defendant according as the opinion may be in favor of the one or the other party upon the facts stated. When the parties thus rest their case upon the decision of a particular point of law, the enquiry of the court will be narrowed accordingly so as to exclude all other matters, and the court in such case will enter up its judgment in favor of the plaintiff or of the defendant according to its opinion on this point of law submitted. (*Royall* v. *Eppes, Administrator of Royall*, 2 Munf. 479.)

In this case the parties might have agreed, that judgment should be entered for the defendant, if in the opinion of the court as a matter of law the plaintiffs were precluded from setting up any claim to the tract of land in controversy as against the defendants by the record in the former ejectment suit set out in the agreement of facts; and if the court was of opinion as a matter of law, that the plaintiffs were not bound by the record in the former action of ejectment for the same tract, then that judgment should be entered up for the plaintiffs. And this was in effect the agreement which was entered into, except that after stating all the facts there was added to this agreement a further stipulation, which was perfectly inconsistent with what had preceded and shows most clearly, that it was not the intention of the parties to rest the case upon the decision of this point of law, except as to the legal effect of the record in the former ejectment suit.

This appended agreement was as follows: "If the court on said facts find for the defendants" (as it was bound to do if it decided the law in their favor) "then judgment shall be entered in this action for the defendants subject to any writ of error, to which the plaintiffs may in law be entitled."

But instead of providing, as it should have done in order to make this agreed case one on which the court should have rendered any judgment: "if the court finds for the plaintiffs, on said facts" (as it must have done if the court decided the law in their favor) "then judgment for the plaintiffs should be entered in this action subject to any writ of error, to which the defendants may by law be entitled," this agreement provided, that if the court so found, it should not enter up a judgment for the plaintiffs; but that instead thereof "a jury should be empanelled for the trial of the action on any other defences, that the defendant may set up or prove under the issue of not guilty;" and it was further agreed that "no facts herein agreed are to be used by either party against the other on such trial by the jury." In other words the facts agreed were to be regarded as true, if the court should be of opinion, that on the law the plaintiffs were barred from setting up any claim against the defendants for the tract of land in dispute by the record in the former action of ejectment; but if the court should be of the contrary opinion, none of these facts agreed were to be regarded as true either by the court or jury. This it seems to me was clearly no agreed case, on which the court should have acted. It should have set aside the agreed case and proceeded with it regularly, as if no such agreement of facts had been made. It was in truth no agreement of facts; for the defendants on the very face of the agreement stipulated in effect, that, unless the court should hold the law to be in their favor, they were to be at liberty to disprove every fact in it agreed to by them and were in no manner to be affected or prejudiced by this agreement of facts. In short on the face of this agreement it appears, that these facts have never been agreed to by the parties as the facts of the case, but they have simply agreed, that they may be considered as facts by the court not in determining the case and rendering judgment thereon in favor of the party entitled thereto, but they are to be considered as facts merely for the purpose of getting the opinion of the circuit court on the law, as to whether the plaintiffs are estopped from bringing this suit by the record of the former ejectment suit. This of course could have been obtained on the trial of the case by a demurrer to the evi-

dence or by an instruction to the jury. But this novel mode of obtaining the judgment of the circuit court on this point of law seems to have been devised for the sole purpose of getting the decision of this Court on this one question arising in the case without waiting for it to be regularly raised in the course of the trial.

If we should examine this question and should arrive at a different conclusion, then according to this agreement we would have to remand the case for a trial by jury; and any other points of law arising in the case could be again brought before us by a second writ of error. If such a course could be pursued, I cannot see why, if we should reverse this case after determining this law question, counsel might not by an agreement of like character make out a fictitious state of facts involving some other point of law, which they might suppose would arise on the trial, and get the judgment of the circuit court and of this Court on such point of law, so wording this agreement of facts, that no judgment could be rendered on the case agreed against one of the parties, but that it must still be tried by a jury without regard to the fictitious agreement of facts. In this manner this Court might be called upon to decide in advance many of the points of law, which counsel might suppose would arise on the trial. This it might be supposed would avoid trouble to counsel and clients; but it would in effect be requiring this Court to settle disputes about questions arising in a case not after final determination of the cause but before it was tried, which, it seems to me, is not proper in an appellate court. It would be, it strikes me, an obvious usurpation of power on our part to so decide such questions. I am clearly of opinion, that the circuit court ought to have refused to consider the agreed facts in the case or to render any judgment upon them, as on the very face of the agreement he was precluded from rendering a judgment for the plaintiffs, had he believed that they were entitled to a judgment on these facts agreed.

Without therefore considering whether his judgment was right or wrong it must be reversed and the case agreed must be set aside and treated as if no facts had ever been agreed upon by the parties, and the case must be remanded to the circuit court to be proceeded with according to the rules

governing courts of law. We should put ourselves in a ridiculous attitude, should we upon looking into the merits of the case conclude, that the plaintiff was entitled to a judgment on the facts agreed, and yet not render a judgment in his favor. In effect we would have to set aside the agreed case in favor of the defendants, if our judgment should be in favor of the plaintiff; but if our judgment should be in favor of the defendant on other merits of the case, then we would be required to render a judgment in his favor and would not be at liberty to set aside the agreed case. The preservation of the dignity of this Court seems to me to require us to do what the circuit court should have done, that is to decline to consider or decide this agreed case. No case can properly be submitted to any court for its decision under a restriction fixed by parties to the case, that it may decide the case only in favor of one side, and if it cannot do this, then the case to be withdrawn from its consideration and submitted to another tribunal.

For these reasons the judgment of the circuit court of September 12, 1881, must be set aside, reversed and annulled; and the plaintiffs in error must recover of the defendants in error their costs in this Court expended. The case agreed must be set aside and the agreement of facts treated as though never entered into by the parties; and the case must be remanded to the circuit court of Fayette county to be further proceeded with according to law.

REVERSED. REMANDED.