CHARLESTON.

STATE, FOR USE OF LEIGH *v.* RIPPLE *et al.*

Submitted September 7, 1885.—Decided December 5, 1885.

1. By consent of the parties a *pro forma* verdict is entered of record in favor of the plaintiff for a sum large enough to give jurisdiction to the Appellate Court, and by like consent the case is then submitted to the Court upon a demurrer to the evidence by the

plaintiff with the agreement, that in the event the final decision shall be for the plaintiff either in the circuit or the Appellate Court, said verdict shall be set aside, and a writ of enquiry instituted to determine the damages to which the plaintiff may be entitled; the circuit court rendered judgment for the defendant on said demurrer and the plaintiff obtained a writ of error to the Appellate Court, HELD:

That the circuit court erred in considering the case under such consent and agreement, and for such error its judgment is reversed by the Appellate Court, said agreement and verdict set aside and the case remanded to the circuit court to be there regularly proceeded in as though no such agreement had been made. (p. 214.)

2. In making up the transcript for this Court papers or documents referred to in and made parts of a demurrer to evidence or bills of exceptions should be plainly identified; and great care should be taken to have the transcript so copied and arranged as to show clearly what are legally parts of it, in order that this Court can ascertain certainly and without doubt or conjecture the questions really presented for its determination. (p. 215.)

*D. B. Lucas* for plaintiff in error.

*Faulkner & Ingles* for defendant in error.

SNYDER, JUDGE:

Writ of error to a judgment of the circuit court of Berkeley county, rendered October 23, 1882, in an action of debt brought in the name of the State of West Virginia for the use of William Leigh against William Ripple and others on the official bond of said Ripple as a justice of said county, to recover damages for the breach thereof. The defendants pleaded conditions performed, and on October 27, 1881, a jury was sworn to try the issue joined which on the following day returned a verdict in favor of the plaintiff for $105.00 subject to the opinion of the court on the demurrer to evidence. There is no order or entry in the record showing that there was a demurrer to the evidence except the following which is signed by the counsel for the respective parties and dated on the same day the above verdict was returned:

"It is hereby agreed and consented in the case, that a verdict *pro forma* for the sum of $105.00 shall be entered for the plaintiff, in order to give jurisdiction to the Court of Appeals,

and in case the final decision be for the plaintiff (in this court if no appeal, and in the Court of Appeals if appealed), then this verdict is to be set aside and a writ of enquiry instituted to determine the damages to which the plaintiff is entitled; the plaintiff demurred to the evidence and filed his written demurrer, and the defendants join in the said demurrer to evidence; this order to be entered before the verdict is recorded, and it is understood and agreed that neither party waives the right to move in arrest of judgment or move for a new trial."

Upon said demurrer to the evidence the court pronounced judgment for the defendants and the plaintiff obtained this writ of error to said judgment.

In *Stockton* v. *Copeland*, 23 W.Va. 696, this Court decided, that where "An agreed case is made up and submitted to the court for its decision, but it is stated on the face of the agreed case, that, if on the facts agreed the court finds for the defendants, judgment shall be entered for the defendants subject to any writ of error to which the plaintiffs may be entitled; but if upon the facts agreed the court finds the law for the plaintiffs it will enter up no judgment for them, but the case shall then be tried by a jury, and the defendants may rely on any defences they may legally set up or prove, and the agreed facts shall be used by neither against the other. The court ought to set aside such agreed case and treat it as a nullity; and, if on such agreed case the court renders a judgment for the defendants, it will be reversed by the Appellate Court, and the agreed case will be set aside, and the case remanded to the circuit court to be regularly and properly proceeded with as though such agreed case had never been made."

Judge Green in delivering the opinion of the Court in that case says: "If we should examine this question and should arrive at a different conclusion, then according to this agreement we would have to remand the case for a trial by jury; and any other points of law arising in the case could be again brought before us by a second writ of error. If such a course could be pursued, I can not see why if we should reverse this case after determining this law question, counsel might not by an agreement of like character make

out a fictitious state of facts involving some other point of law, which they might suppose would arise on the trial, and get the judgment of the circuit court and of this Court on such point of law, so wording this agreement of facts that no judgment could be rendered on the case agreed against one of the parties, but that it must still be tried by a jury without regard to the fictitious agreement of facts. In this manner this Court might be called upon to decide in advance many of the points of law which counsel might suppose would arise on the trial. This it might be supposed would avoid trouble to counsel and clients; but it would in effect be requiring this Court to settle disputes about questions arising in a case *not after* final determination of the cause but *before it was tried*, which, it seems to me, is not proper in an appellate court. It would be, it strikes me, an obvious usurpation of power on our part to decide such questions." 23 W. Va. 703. And again he says, on the next page: "The preservation of the dignity of this Court seems to me to require us to do what the circuit court should have done, that is to decline to consider or decide this agreed case. No case can properly be submitted to any court for its decision under a restriction fixed by the parties to the case, that it may decide the case only in favor of one side, and if it can not do this, then the case is to be withdrawn from its consideration and submitted to another tribunal."

It is true that case was submitted upon agreed facts while this one was upon a *pro forma* verdict of the jury to test the sufficiency of the plaintiff's evidence to maintain his action. This difference, however, is wholly immaterial as to the real question decided in that case. The key-note of the decision just referred to is, that no court can permit itself, by an agreement of the parties, to be turned into a moot court to decide questions of law in advance of the regular and *bona fide* proceedings in the case. In both that and this case there might have been a final determination in favor of one of the parties, but in the event the court on the law question submitted should find in favor of the other, then by the very terms of the agreement submitting the question, the decision of the court would become inoperative and no judgment could be entered in the case. The two cases, as to the actual ques-

tion before us, are in my judgment identical, and conse-
quently the decision in this case must follow that in *Stockton*
v. *Copeland*, and the case be disposed of in the same manner.

I have looked through the record in this case and find it in
such confusion and uncertainty as to cause serious doubt in
my mind whether or not, if we had been authorized to under-
take to consider the law question attempted to be presented,
that is, the demurrer to the evidence, it could have been
done upon the record before us.   Upon a demurrer to evi-
dence, as well as in bills of exceptions or other matters,
where papers and documents are referred to and made part of
the evidence demurred to, bills of exceptions or other mat-
ters, they should be either copied into it or referred to therein
in such manner as to leave no doubt about their identifica-
tion.   And in making up the transcript of the record for this
Court great care should be taken to have it so copied and
arranged as to leave no doubt as to what are parts of it and
what are merely memoranda of the clerk or fugitive matters
not made part of it in any legal form, so that this Court can
ascertain certainly and without doubt or conjecture the ques-
tions really presented for its determination.

For the reasons hereinbefore stated the judgment of the
circuit court must be reversed, the agreement to submit the
case to the court on demurrer to evidence upon a *pro forma*
verdict of the jury must be set aside and the case remanded
to the circuit court to be there regularly and properly pro-
ceeded with as though no such agreement had been made.

REVERSED.   REMANDED.